

October 15, 2021

**<u>Via ECF</u>**
Honorable Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:  *Jordache Enterprises, Inc., et al. v. Affiliated FM Insurance Company*
            Case No. 1:21-CV-5433 (RA)

Dear Judge Abrams:

      Pursuant to Your Honor's September 2, 2021 Scheduling Order (ECF No. 21), please accept this letter on behalf of Defendant Affiliated FM Insurance Company ("Affiliated FM") in support of its request to stay discovery pending resolution of the motion to dismiss filed by Affiliated FM (ECF No. 15).

      Plaintiffs have indicated their intention to take discovery concerning the denial of their insurance claim for COVID-19 related losses. It is Affiliated FM's position that it is premature to proceed to discovery at this time because a finding in Affiliated FM's favor that the policy clearly and unambiguously bars Plaintiffs' claim would obviate the need for discovery.

      Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Under New York law, insurance policies are creatures of contract and subject to principles of contract interpretation by the courts. *See Newman Myers Kreines Gross Harris, P.C. v. Great N. Ins. Co.*, 17 F. Supp. 3d 323, 327 n.4 (S.D.N.Y. 2014). "When the provisions are unambiguous and understandable, courts are to enforce them as written." *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006).

      Affiliated FM argues in its motion to dismiss that Plaintiffs are not entitled to coverage because Plaintiffs cannot establish that their properties suffered physical loss or damage, which is required to trigger coverage under the Policy; because the Contamination and Loss of Use Exclusions apply to bar coverage; and because the facts alleged in the Complaint do not trigger coverage under the Policy's limited communicable disease coverages. Thus, if the policy is found to be clear and unambiguous, then discovery into the denial and meaning of various policy terms would be irrelevant to any party's claims or defenses. *See 1800 Farragut Inc., d/b/a The Borough Pub v. Utica First Ins. Co.*, No. 2:20-cv-03449-KSM, slip op. at *9-10 (E.D. Pa. Sept. 16, 2021) (attached as Exhibit A). Such a decision would be consistent with a growing number of courts that have rejected attempts by plaintiffs in insurance litigation cases arising out of the COVID-19 pandemic to take targeted discovery. *See id.* at *6 (collecting cases).

**BUTLER**

October 15, 2021
Page 2

      Given that numerous courts applying New York law have routinely held that the mere presence or spread of the novel coronavirus is insufficient to trigger coverage when the policy's language requires physical loss or damage, *see Mohawk Gaming Enters., LLC v. Affiliated FM Ins. Co.*, No. 8:20-CV-701, 2021 WL 1419782, at *4 (N.D.N.Y. Apr. 15, 2021) – which is the crux of this case – the likelihood of the parties expending unnecessary time and energy on discovery is very high.

      While it is anticipated that Plaintiffs will argue that they are seeking only targeted discovery on the specific issue of the Policy's communicable disease coverages, the Court should not be misled. It appears to be Plaintiffs' position that these limited exceptions to the Policy's Contamination and Loss of Use Exclusions, subject to a sublimit of $100,000, should be construed to somehow grant coverage for Plaintiffs' entire claim, totaling $51,580,820. Thus, allowing Plaintiffs to take discovery on the communicable disease provisions would open the door to arguments from Plaintiffs that they are entitled to full blown discovery as to the entire policy.

      For these reasons, Affiliated FM respectfully requests that the Court stay discovery pending the outcome of Affiliated FM's motion to dismiss.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

Rich D. Gable, Jr., Esq.
rgable@butler.legal
Adam B. Masef, Esq.
amasef@butler.legal

---

Application granted.

Having considered the relevant factors—the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion, *see Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)—the Court finds that a stay is appropriate pursuant to Federal Rule of Civil Procedure 26(c).

Accordingly, discovery will be stayed pending resolution of the motion to dismiss.

SO ORDERED.

Hon. Ronnie Abrams
10/27/21